UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:90-CR-10(2) |
| | § | |
| JACK EDMOND ROSS | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On November 19, 2010, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Carol Wheeler. Defendant was represented by Jeff Harrelson.

Jack Edmond Ross was sentenced on January 7, 1991, before The Honorable Sam B. Hall, Jr. of the Eastern District of Texas after pleading guilty to the offense of Burglary of a U.S. Post Office, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of VI, was 24 to 30 months. The Court departed upward in this case based on U.S.S.G. § 4A1.3(b) which provides for a departure when multiple prior sentences were combined as related sentences. In Defendant's case, the criminal history points would be more than double, thus the assigned imprisonment range of 24 to 30 months could be doubled to 48 to 60 months. Defendant was subsequently sentenced to 48 months incarceration and three years supervised release subject to the standard conditions of release. On November 3, 2003, Defendant completed his period of imprisonment and began service of the supervision term.

On February 2, 2005, the instant petition to revoke was filed. In its petition, the Government

alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime.** Specifically, the Government alleges as follows. On November 19, 2004, Defendant was convicted of the offense of Evading Arrest, in Cause Number 0417816, in the 8th Judicial District Court of Hopkins County, Texas. On November 19, 2004, Defendant was convicted of the offense of Unauthorized Use of a Motor Vehicle, in Cause Number 0417817, in the 8th Judicial District Court of Hopkins County, Texas. On November 19, 2004, Defendant was convicted of the offense of Unauthorized Use of a Motor Vehicle, in Cause Number 0417818, in the 8th Judicial District Court of Hopkins County, Texas. On November 19, 2004, Defendant was convicted of the offense of Theft, $1,500 < $20,000, in Cause Number 0417819, in the 8th Judicial District Court of Hopkins County, Texas. On November 19, 2004, Defendant was convicted of the offense of Possession of a Controlled Substance, in Cause Number 0417820, in the 8th Judicial District Court of Hopkins County, Texas. Consequently, Defendant served more than six years in a state institution for the above offenses.

The Court scheduled a revocation hearing November 19, 2010. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to allegations as set forth above. Based upon Defendant's plea of true to the allegations and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence, which was agreed upon by the parties, be imposed as follows: It is the recommended judgment of the Court that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of time served with no term of supervised release to follow. Based on the

foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of **TIME SERVED** with no term of supervised release to follow.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections. Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 22nd day of November, 2010.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE